UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIS SAKELLARIDIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. CABRERA,<br><br>　　　　Defendant. | Case No. 1:15-cv-01776-DAD-MJS (PC)<br><br>**ORDER DENYING, WITHOUT PREJUDICE, LEAVE TO AMEND**<br><br>**(ECF No. 25)** |

## I.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendant Cabrera on Plaintiff's First Amendment retaliation claim. (ECF No. 9.)

On November 22, 2016, Plaintiff lodged a proposed first amended complaint. (ECF No. 25.) Although not accompanied by a motion to amend, the Court construes the filing as a request to amend the complaint. Defendant filed an opposition. (ECF No. 27.) Plaintiff filed no reply. The matter is submitted.

## II.  Legal Standard

The decision to grant or deny leave to amend pleadings is within the trial court's discretion. Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996); United States v. Cnty. of San Diego, 53 F.3d 965, 969 n.6 (9th Cir. 1995).

A party seeking leave to amend pleadings must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

### III. Discussion

Plaintiff's allegations may be summarized essentially as follows:

On June 2, 2015, Defendant Cabrera ordered Plaintiff to relinquish a religious lunch because he did not have his "RMA" card on him. Plaintiff complied, but told Defendant that he would "write her up" for denying him a religious meal. Defendant responded that she would "write [him] up." At some point after this incident, Defendant retaliated against Plaintiff by issuing a false Rules Violation Report ("RVR") for "willfully delaying a peace officer" based on Defendant's false claim that Plaintiff delayed the steam line movement for approximately ten minutes.

Plaintiff's lodged first amended complaint seeks to add new state law causes of action based on these same facts. As Defendant points out, however, Plaintiff has not pled compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004). Accordingly, in this instance, leave to amend would be futile and will be denied without prejudice. The lodged first amended complaint will not be filed.

Plaintiff may again attempt to amend his complaint to add state law claims if he is able to allege, in good faith, that he has complied with the CTCA. Plaintiff is advised, however, that the deadline to amend pleadings has passed. (ECF No. 15.) He therefore will be required to show good cause for extending the time to amend pleadings. Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Additionally, Plaintiff must seek leave of the Court before his amended complaint may be filed. Fed. R. Civ. P. 15(a)(2). If Plaintiff wishes to amend, he must file a motion demonstrating that amendment is proper under Federal Rules of Civil Procedure 15 and 16(b), and must lodge a copy of his proposed amended complaint with the Court. See id.; Local Rule 137(c). The Court then will determine whether amendment is proper.

IT IS SO ORDERED.

Dated: January 17, 2017        /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE