UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILIS SAKELLARIDIS,<br><br>Plaintiff,<br><br>v.<br><br>J. CABRERA,<br><br>Defendant. | Case No.  1:15-cv-01776-DAD-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 19)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I.    Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds against Defendant Cabrera on Plaintiff's First Amendment retaliation claim. (ECF No. 9.)

Before the Court is Defendant's October 28, 2016 motion for summary judgment. (ECF No. 19.) Plaintiff filed an opposition (ECF No. 21), and Defendant filed a reply (ECF No. 26). The matter is deemed submitted. Local Rule 230(*l*).

## II.    Legal Standard

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available

administrative remedies. <u>See</u> <u>Jones</u>, 549 U.S. at 216 (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." <u>Albino v. Baca</u>, 697 F.3d 1023, 1031 (9th Cir. 2012).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Wash. Mut. Inc. v. United States</u>, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." <u>Albino</u>, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." <u>Id.</u> at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011).

**III.    Factual Summary**

**A.    Plaintiff's Claims**

Plaintiff's claims arose at California State Prison – Corcoran. His allegations may be summarized essentially as follows:

2

On June 2, 2015, Defendant Cabrera ordered Plaintiff to relinquish a religious lunch because he did not have his "RMA" card on him. Plaintiff complied, but told Defendant that he would "write her up" for denying him a religious meal. Defendant responded that she would "write [him] up." At some point after this incident, Defendant retaliated against Plaintiff by issuing a false Rules Violation Report ("RVR") for "willfully delaying a peace officer" based on Defendant's false claim that Plaintiff delayed the steam line movement for approximately ten minutes.

**B.    Facts Relating to Exhaustion**

The following facts are undisputed.

On June 16, 2015, in relation to the above encounter, Plaintiff submitted a staff complaint, Appeal Log No. CSPC-4-15-03450. This is the only appeal Plaintiff claims to have filed in relation to the instant matter. (ECF No. 19-3 at 9 (deposition of Plaintiff).) Therein, Plaintiff complained that Defendant made false statements against him and issued a false RVR in order to retaliate against Plaintiff for threatening to exercise his right to an administrative appeal.

Plaintiff's appeal form contains various boxes reserved for "Staff Use Only." The box for the first level of review is blank. For the second level of review, a check-box reflects that Plaintiff's appeal was "rejected" on June 22, 2015, and refers to an attached letter. (ECF No. 19-5 at 18.)

The attached letter is dated July 1, 2015 and is titled "Screening at the Second Level." (ECF No. 19-5 at 43.) It states as follows:

> Your appeal is dated 6/16/15. Your appeal was forwarded to the Hiring Authority on 7/1/15. The Hiring Authority has reviewed your appeal and determined no staff misconduct occurred. If you wish to appeal the RVR you must clarify your appeal as stating such. You must also attach a copy of the Final RVR including all items listed as evidence within the RVR and resubmit your appeal within 30 days.

(ECF No. 19-5 at 9.)

Boilerplate type at the bottom of the letter states as follows:

> Be advised that you cannot appeal a rejected appeal, but

3

should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been canceled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

Plaintiff did not follow these instructions and instead submitted his appeal directly to the Third Level, stating:

CSP-CORCORAN Hiring Authority failed to process/accept staff complaint making a determination that no staff misconduct occurred without processing the 602 affording appellant Due Process. Request Third Level Decision.

(Id.)

At the Third Level, Plaintiff's appeal was rejected on the ground that Plaintiff had bypassed lower levels of review. (ECF No. 19-5 at 4.)

## IV.    Analysis

### A.    Legal Standards

#### 1.    Exhaustion Generally

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). It is completed at the third level of review, also known as the Director's Level of Review. Id. at § 3084.7.

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation."

1  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include
2  legal terminology or legal theories unless they are in some way needed to provide
3  notice of the harm being grieved. A grievance also need not contain every fact
4  necessary to prove each element of an eventual legal claim." Id. Instead, the grievance
5  must "alert the prison to the nature of the wrong for which redress is sought," and must
6  give the prison an opportunity "to reach the merits of the issue." Id. at 1120-21.

7       An inmate may be excused from the exhaustion requirement where
8  administrative remedies were "effectively unavailable." Nunez v. Duncan, 591 F.3d
9  1217, 1226 (9th Cir. 2010). Administrative remedies may be considered "effectively
10 unavailable" where prison officials fail to respond to a properly filed grievance or
11 administrative appeals are improperly screened. Sapp v. Kimbrell, 623 F.3d 813, 822-23
12 (9th Cir. 2010). To fall within this exception, an inmate must establish, "(1) that he
13 actually filed a grievance or grievances that, if pursued through all levels of
14 administrative appeals, would have sufficed to exhaust the claim that he seeks to
15 pursue in federal court, and (2) that prison officials screened his grievance or
16 grievances for reasons inconsistent with or unsupported by applicable regulations." Id.
17 at 823-24.

18                    **2.    Staff Complaints**

19      Staff complaints alleging misconduct constitute an exception to the regular
20 appeal process. Cal. Code Regs. tit. 15 § 3084.9(i). Such complaints initially are
21 forwarded to the appeals coordinator. § 3084.9(i)(1). They then must be forwarded to
22 the Hiring Authority or similar designee within five working days. § 3084.9(i)(3). The
23 Hiring Authority must review the complaint to determine whether the allegations warrant
24 a request for an Internal Affairs investigation or confidential inquiry. § 3084.9(i)(3).
25 Alternatively, "[i]f the hiring authority makes a determination that the complaint shall not
26 be accepted as a staff complaint, it shall be processed as a routine appeal . . . ."
27 § 3084.9(i)(1).

28      If an appeal is accepted as a staff complaint, the institution must eventually

1  provide the inmate with specified information regarding the result of the complaint

2  inquiry. § 3084.9(i)(4). If an internal affairs investigation is initiated, the inmate must be

3  informed of the investigation and, eventually, its outcome. If a confidential inquiry is

4  initiated, the inmate must be informed of the inquiry and, eventually, whether the

5  findings determined that staff did or did not violate policy.

6          **B.   Discussion**

7          Plaintiff's attempt to appeal to the Third Level was rejected and is therefore

8  insufficient to exhaust his administrative remedies. Cal. Code Regs. tit. 15,

9  §§ 3084.1(b)(administrative remedies not exhausted on any issue not addressed at all

10  required levels of review; cancellation or rejection does not exhaust administrative

11  remedies). The Court therefore will consider whether Plaintiff's appeal was improperly

12  screened and, thus, whether administrative remedies were effectively unavailable to

13  him.

14          At the outset, the Court must note that the institution's response to Plaintiff's

15  appeal was defective in various ways. First, hand-written notes on Plaintiff's appeal form

16  indicate that his appeal was rejected on June 22, 2015. However, the attached letter

17  indicates that the appeal was not transmitted to the Hiring Authority until July 1, 2015.

18  This July 1, 2015 transmission violates the requirement that appeals alleging staff

19  misconduct be presented to the Hiring Authority within five working days. § 3084.9(i)(3).

20  More significantly, however, it appears that the Appeals Coordinator, and not the Hiring

21  Authority, made an initial determination to reject Plaintiff's appeal on June 22, 2015.

22  This runs contrary to the provisions specifying that the Hiring Authority, and not the

23  Appeals Coordinator, must determine whether the appeal shall be accepted as a staff

24  complaint. § 3084.9(i)(1); 3084.5(b)(4).

25          Second, this hand-marked box on the Appeal Form is the only indication that

26  Plaintiff's appeal was rejected. The letter from the Hiring Authority does not specify that

27  Plaintiff's appeal was rejected or screened out. Nor does it state, as Defendant

28  contends in declarations attached to the instant motion, that Plaintiff's appeal "did not

1  meet staff complaint criteria." (ECF No. 19-5 at 2.) To the contrary, the letter states that

2  "[t]he Hiring Authority has reviewed your appeal and determined no staff misconduct

3  occurred." This implies not that the complaint was screened out, but that an inquiry was

4  conducted and a determination was made regarding the merits of Plaintiff's misconduct

5  allegations. Such conclusions generally would appear to be reserved for appeals that

6  have been accepted as staff complaints, not for appeals that are disposed of in the

7  screening stage. See § 3084.9(i)(4)(B).

8      Indeed, confusion regarding what, precisely, the Hiring Authority did with

9  Plaintiff's complaint appears to extend even to Defendant's counsel in this action, who

10  presumably has extensive experience with the administrative appeal process but

11  nonetheless relies on section 3084.9(i)(2) in support of her argument on this motion.

12  However, that provision applies only to staff complaints that have been accepted; it

13  does not apply to staff complaints that are screened out or rejected.

14      Despite these defects and the possibility for confusion that they created, it is

15  apparent that both Plaintiff and the institution understood that Plaintiff's staff complaint

16  had been rejected. In his attempt to appeal to the Third Level he stated: "CSP-

17  CORCORAN Hiring Authority failed to process/accept staff complaint . . . ."

18  Furthermore, Plaintiff was specifically instructed as to how he could pursue his appeal

19  as a regular appeal. While rejected staff complaints should ordinarily be processed as

20  regular appeals as a matter of course, § 3084.9(i)(1), Plaintiff's complaint involved an

21  RVR. "A disciplinary action cannot be appealed until the hearing process is completed,

22  including any re-hearing." Cal. Code Regs. tit. 15, § 3084.9(g)(1). As Plaintiff's staff

23  complaint was rejected mere days after his RVR was issued, it is unlikely that the

24  hearing process was completed, or that Plaintiff had documents necessary to proceed

25  with his administrative appeal at that time. Certainly, documents adjudicating the RVR

26  are not contained in the appeal record that has been presented to the Court. (See ECF

27  No. 19.)

28      Plaintiff apparently did not wish to follow his institution's instructions or pursue a

1   regular appeal. However, there is nothing in the regulations that would require the

2   institution to process Plaintiff's appeal as a staff complaint simply based on Plaintiff's

3   preference. The documents before the Court reflect that Plaintiff had administrative

4   remedies available to him that he chose not to pursue. Accordingly, Plaintiff failed to

5   exhaust his administrative remedies and Defendant's motion for summary judgment

6   should be granted.

7   **VI.    Conclusion and Recommendation**

8         The Court finds that Plaintiff failed to exhaust available administrative remedies.

9   Accordingly, it is HEREBY RECOMMENDED that Defendant's motion for summary

10   judgment be GRANTED.

11         The findings and recommendation are submitted to the United States District

12   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

13   **fourteen** (14) days after being served with the findings and recommendation, any party

14   may file written objections with the Court and serve a copy on all parties. Such a

15   document should be captioned "Objections to Magistrate Judge's Findings and

16   Recommendation." Any reply to the objections shall be served and filed within fourteen

17   (14) days after service of the objections. The parties are advised that failure to file

18   objections within the specified time may result in the waiver of rights on appeal.

19   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923

20   F.2d 1391, 1394 (9th Cir. 1991)).

21

22   IT IS SO ORDERED.

23         Dated:   __February 1, 2017__        /s/ *Michael J. Seng*

24                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

8